**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brent Andrew Burke,<br><br>　　　　　Petitioner,<br><br>v.<br><br>D. Colbert,<br><br>　　　　　Respondent. | No. CV-22-00208-TUC-RCC<br><br>**ORDER** |

On March 21, 2023, United States Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner Brent Andrew Burke's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 25.) On April 6, 2023, Petitioner filed a written objection. (Doc. 26.) Respondent filed a Response. (Doc. 29.) Petitioner then filed a Reply on May 4, 2023. (Doc. 30.)[1] Upon review, the Court will deny the § 2241 Petition.

**I.    Standard of Review**

The standard of review applied to a magistrate judge's report and recommendation depends on whether a party files objections. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court need not review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Id.* at 150. If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may

---

[1] The Court declined to consider Petitioner's Reply as fully explained in Section V of this Order.

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II.   Factual and Procedural History[2]

In 2012, Petitioner was convicted by court-martial of premediated murder (two specifications), felony murder (one specification), burglary (one specification), child endangerment (three specifications), and impeding an investigation (one specification). (Doc. 18-2 at 3.) He was sentenced to a reprimand, reduction in rank, forfeiture of pay and allowances, dishonorable discharge, and commitment for life without eligibility for parole. (Doc. 18-1 at 23.)

### A. Military Court Proceedings

Under the Uniform Code of Military Justice ("UCMJ"), the convening authority considered the issues raised by Petitioner's counsel. (Doc. 18-2 at 26–99.) Petitioner also submitted a letter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) (allowing a petitioner to personally present issues before the courts of military review even if appellate counsel believes the issues lack merit). (*Id.*) These issues included that the court-martial lacked jurisdiction over Petitioner and that the admission of Petitioner's statements violated the Fifth Amendment. (*Id.*) Ultimately, the convening authority denied relief. (*Id.* at 21.)

On April 30, 2014, Petitioner appealed to the United States Army Court of Criminal Appeals ("ACCA"). (Doc. 18-1 at 28–52.) His counsel argued that Petitioner was interviewed without being advised of his rights under *Miranda* or the military equivalent, Article 31(b), and that his felony murder conviction was an unreasonable multiplication of the premeditated murder specification. (*Id.*) Petitioner personally

---

[2] There is no objection to the Magistrate Judge's factual summary. Therefore, the Court will only offer an abridged summary.

submitted claims including that the court-martial lacked jurisdiction and that his court-martial conviction violated the Double Jeopardy Clause because he had been tried four times by state prosecutors. (*Id.*) After hearing oral argument, the ACCA dismissed the felony murder conviction as an unreasonable multiplication, but it affirmed the remaining convictions and the sentence. (*Id.* at 108–09.)

On May 18, 2015, Petitioner appealed to the United States Court of Appeals for the Armed Forces ("CAAF"). (*Id.* at 112.) His counsel argued again that Petitioner was not advised of his *Miranda* or Article 31(b) rights. (Doc. 18-2 at 2.) Petitioner also submitted *Grostefon* argument including that the military judge erred by failing to dismiss charges for lack of jurisdiction and for violating the Double Jeopardy Clause. (*Id.* at 9.) The court denied the Petition for Grant of Review. (*Id.* at 14.)

### B. Federal Court Proceedings

On October 22, 2015, Petitioner filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas. (Doc. 25 at 8.) He argued "(1) that he was not subject to court-martial jurisdiction at the time charges were preferred against him and (2) that his Fifth Amendment rights were violated because he was not advised of his *Miranda* rights or his Article 31(b) rights prior to questioning by police officers." (*Id.*) The District Court denied the petition. (*Id.*)

Petitioner appealed to the United States Court of Appeals for the Tenth Circuit who affirmed the denial, offering a detailed explanation of why Petitioner was properly subject to military jurisdiction and had not been "constructively discharged." (*Id.* at 9–10.)

On May 2, 2022, Petitioner filed the instant Petition, his second Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner argues that he merits relief because (1) under *United States v. Lusby*, 972 F.3d 1032, 1039 (9th Cir. 2020), his court-martial conviction violates the Fifth Amendment Double Jeopardy Clause and 10 U.S.C. § 844 Art. 44; and (2) under *United States v. Dreyer*, 804 F.3d 1266, 1276 (9th Cir. 2015), the court-martial did not have jurisdiction because Petitioner was not a person covered under 10 U.S.C. § 802 Art. 2. (*Id.* at 4–5.)

### III. Magistrate Judge's R&R

On March 21, 2023, the Magistrate Judge issued a R&R in which he recommended that this Court deny the Petition on several grounds. (Doc. 25.) As an initial matter, the Magistrate Judge explained that "[t]he review of military convictions generally is limited to determining 'whether the court-martial had jurisdiction of the person accused and the offense charged, and whether it acted within its lawful powers,'" specifically "whether the military fairly considered each of petitioner's claims." (*Id.* at 12 (quoting *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962)).)[3]

#### A. Abuse of the Writ

First, the Magistrate Judge recommended that the Court dismiss the Petition as an abuse of the writ. (*Id.* at 14.) The Magistrate Judge found that Petitioner raised claims that were either not raised in his first habeas petition or that were already considered in federal court on the merits. (*Id.* at 16.)

His first ground for relief (Fifth Amendment Double Jeopardy) was never raised in his habeas petition in the District of Kansas. (*Id.*) The Magistrate Judge highlighted that Petitioner clearly knew about this claim—having raised it in his *Grostefon* matters before both the ACCA and CAAF—but did not include it in his first habeas petition in federal court. (*Id.* at 17.) Accordingly, the Magistrate Judge concluded that Petitioner has not and cannot show cause for failing to raise this claim in his previous habeas proceedings. (*Id.*)

Furthermore, Petitioner's second ground for relief (that the court-martial lacked jurisdiction) was raised, considered, and dismissed in his prior habeas proceedings. (*Id.* at 18–19.) The Magistrate Judge noted that Petitioner did not supplement his constitutional claim "with a colorable showing of factual innocence." (*Id.* at 20 (quoting *Kuhlmann v. Wilson*, 477 U.S. 454 (1986)).) The Magistrate Judge reviewed the analysis conducted by both the District of Kansas and the Tenth Circuit in explaining why Petitioner was subject to military jurisdiction because, although his term had expired, he had not been discharged. (*Id.* at 18–19.)

---

[3] This standard of review is more fully outlined in the Magistrate Judge's R&R. (Doc. 25 at 11–13.)

Therefore, the Magistrate Judge found the Petition is an abuse of the writ. (*Id.*)

### B. Fully and Fairly Considered

Nonetheless, the Magistrate Judge concluded that, in the alternative, Petitioner's claims in the instant Petition were fully and fairly considered by the military courts, and his Petition should therefore be denied for further review by the civil courts. (*Id.* at 20.) The Magistrate Judge emphasized that Petitioner does not argue the review by the ACCA and CAAF were legally inadequate; he merely wants the federal court to review the issues anew. (*Id.* at 20–21.)

### C. Meritless Claims

Finally, the Magistrate Judge—assuming arguendo that Petitioner's claims were neither an abuse of the writ nor fully and fairly considered by the military courts—concluded that they do not merit relief. (*Id.* at 22.) The Magistrate Judge assessed Petitioner's first claim that his conviction violates the Double Jeopardy Clause and found there had been no constitutional violation because two different sovereigns (the Commonwealth of Kentucky and the U.S. Army) tried Petitioner. (*Id.* at 22–24.) Under the doctrine of dual sovereignty, this procedure, the Magistrate Judge explained, does not violate the Fifth Amendment. (*Id.* at 24.) The Magistrate Judge then looked at Petitioner's second claim regarding jurisdiction and concluded that the military had jurisdiction over Petitioner. (*Id.* at 24–25.) The Magistrate Judge cited 10 U.S.C § 802(a)(1) stating, "[j]urisdiction under the UCMJ exists over 'members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment.'" (*Id.* at 24 (quoting 10 U.S.C. § 802(a)(1)).)

### IV.  Petitioner's Objections

Petitioner states that he "objects to all adverse rulings in the Report and Recommendation" and that his "position is set out primarily in Petitioner's reply to Respondent's answer (Dkt 22)." (Doc. 26 at 1.) The Court begins by advising Petitioner that this is not an acceptable basis for a written objection. It requires the Court to formulate Petitioner's arguments for him and search throughout filings to identify his previous arguments. Fed. R. Civ. P. 72(b) (objections must be specific); *see Indep.*

*Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles buried in briefs."). Therefore, the Court will only consider the specific arguments that Petitioner raises in his written objection. (Doc. 26.)

It appears Petitioner objects because he asserts that the Magistrate Judge failed to consider "any of the arguments presented in Burke's reply brief (Dkt 22)." (*Id.* at 1–2.) He notes the Magistrate Judge omitted a discussion of *United States v. Lusby* in his of Petitioner's double jeopardy claim. (*Id.* at 2.) Petitioner believes *Lusby* is important because its "interpretation of the Fifth Amendment's Double Jeopardy Clause was not available in 2016 for Petitioner's first Habeas Petition, nor was Burke confined in the Ninth Circuit in 2016." (*Id.*)

Petitioner also claims that both the Magistrate Judge and Respondent "tacitly conceeded [sic]" that the military used state law enforcement as an instrument to facilitate court-martial. (*Id.* at 2, 4.) Petitioner further objects because the Magistrate Judge did not consider "DOJ and Army policy that prohibits dual and successive prosecutions." (*Id.* at 3.)

Additionally, Petitioner objects to the Magistrate Judge's finding regarding jurisdiction because he argues the Magistrate Judge did not consider an exception to § 802(a) which states that members are subject to jurisdiction "until such person's active service has been terminated in accordance with law or regulations promulgated by the secretary concerned." (*Id.* at 5.)

## V.     Motion to Strike

Petitioner filed a Reply to Respondent's Response to Petitioner's Objection on May 4, 2023. (Doc. 30.) On May 31, 2023, Respondent filed a Motion to Strike Petitioner's Reply. (Doc. 31.)

Federal Rule of Civil Procedure 72(b)(2) permits written objections to a magistrate judge's report and recommendation and allows the non-objecting party an opportunity to respond. Fed. R. Civ. P. 72(b)(2). It does not provide for replies. Furthermore, the Magistrate Judge notified the parties that no replies would be permitted unless otherwise

authorized by this Court. (Doc. 25 at 27.) Petitioner did not seek leave from this Court to file his Reply. The Court has also taken a cursory look at Petitioner's Reply and does not find any new arguments raised therein that might warrant permitting a reply. Therefore, Respondent's Motion to Strike is granted. The Court did not consider Petitioner's Reply in making its determination.

## VI.   Discussion

The Court has reviewed the R&R (Doc. 25), Petitioner's Objection (Doc. 26), Respondent's Response to Petitioner's Objections (Doc. 29), Petition (Doc. 1), Answer (Doc. 18), and the record and authority that was before the Magistrate Judge. The Court finds that the recommendation is thorough and well-reasoned and will adopt it in its entirety.

The civil courts review military proceedings "only to determine whether [the military courts] 'dealt fully and fairly' with the claims raised in the habeas petition." *Threats v. Shartle*, No. 21-16302, 2023 WL 3918235, at *1 (9th Cir. June 9, 2023) (quoting *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). "[O]nce it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence." *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962) (citing *Burns*, 346 U.S. at 142).

Here, the military courts had jurisdiction over Petitioner and fully and fairly considered both claims he now brings in the instant Petition. At all stages of the military court proceedings, Petitioner raised the same argument that the court-martial lacked jurisdiction because Petitioner's term of enlistment had expired. The convening authority, ACCA, and CAAF all considered and denied relief on this claim because Petitioner was not discharged. Petitioner also raised the same argument he now raises about double jeopardy before the ACCA and CAAF; both courts considered and dismissed the claim.

It was not error for the Magistrate Judge to omit discussion of *Lusby* because *Lusby* is irrelevant to the Petition. Although *Lusby* was decided after Petitioner's first habeas petition, nothing in *Lusby* interprets the Double Jeopardy Clause in a way that affects Petitioner. The Ninth Circuit in *Lusby* held that it has jurisdiction to review the

government's appeal of a dismissal of an indictment without violating the Double Jeopardy Clause because jeopardy does not attach if "the district court never heard 'evidence for the purpose of deciding the issue of guilt or innocence' that could 'subject[]' Lusby 'to the risk that he would be found guilty.'" 972 F.3d at 1038–39 (quoting *United States v. Olson*, 751 F.2d 1126, 1128 (9th Cir. 1985)). In other words, *Lusby* dealt with when jeopardy attaches such that a sovereign cannot try an individual again for the same criminal act. It is does not prohibit *two separate* sovereigns from prosecuting the same criminal act. The section of the U.S. Attorney's Manual that Petitioner's cites in his Objection (USAM 9-27.110) provides guidance to prosecutors regarding their discretion—it does not prohibit dual prosecutions. Furthermore, the Magistrate Judge did not err in failing to address the exception to 10 U.S.C. § 802 because it does not apply to Petitioner because his active service was not terminated. 10 U.S.C. § 802(c).

Because the Court has a limited role in reconsidering claims that were fully and fairly considered in the military proceedings, and because it finds that such was the case with Petitioner's two grounds for relief, the Court will not further address Petitioner's jurisdiction or double jeopardy arguments on the merits.

**VII.   Conclusion**

Accordingly, **IT IS ORDERED** that Respondent's Motion to Strike is **GRANTED**. (Doc. 31.) Petitioner's Reply (Doc. 30) shall be stricken.

**IT IS FURTHER ORDERED** that the R&R is **ADOPTED** (Doc. 25) and Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is **DISMISSED**. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 26th day of June, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge